UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MUHHAMAD SUHAIL and
KISHWAR FATIMA o/b/o N.F., a minor

<table>
<tr><td></td><td>Plaintiffs,</td><td></td></tr>
<tr><td>v.</td><td></td><td>Civil Action No. _____</td></tr>
</table>

TRANSWORLD SYSTEMS, INC.,

                              Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff, Kishwar Fatima is a natural person residing in the County of Erie and State of New York, and is the mother of N.F., a minor, and is a "consumer" as that term is defined by 15 U.S.C. §1692c(d).

5. Plaintiff, Muhhamad Suhail is a natural person residing in the County of Erie and State of New York, and is the father of N.F., a minor, and is a "consumer" as that term is defined by 15 U.S.C. §1692c(d).

6. Defendant, Transworld Systems, Inc., (hereinafter "TS") is a foreign business corporation organized and existing under the laws of the State of California and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

1

7.  Defendant regularly attempts to collect debts alleged to be due another.

8.  The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

9.  All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiffs allegedly incurred a debt. This debt will be referred to as "the subject debt."

11. That N.F., is 13 years old and a minor.

12. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

13. That the Plaintiffs thereafter allegedly defaulted on the subject debt.

14. That upon information and belief, Defendant, was employed by the account holder, Independent Health, to collect the subject debt.

15. That on July 23, 2020, Defendant sent N.F. a letter trying to collect the subject debt in amount of $437.36 under account number 91387516400.

16. That in or about August 11, 2020, Defendant called Plaintiff Muhhamad Suhail's cellular telephone in an attempt to collect the alleged subject debt from N.F. During this call, Muhhamad Suhail informed the Defendant that N.F. is a minor and to speak to him about the debt.

17. Thereafter, the same day, the Defendant called Plaintiff Kishwar Fatima on her cellular telephone and once again asked to speak to N.F. in an effort to collect the alleged subject debt, Plaintiff Kishwar Fatima told the Defendant that N.F. is a minor and to speak to her instead. The Defendant responded by demanding to speak to N.F. otherwise they would not discuss what the matter was about.  N.F. then addressed the Defendant with the cellular phone on speaker and the Defendant asked her how she was going to pay the debt. Plaintiff Kishwar Fatima then took the phone off the speaker function and terminated the call.

18. That as a result of Defendant's acts Plaintiffs became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

19. Plaintiffs repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692b(2), and 1692c(b) by communicating with a minor to collect the subject debt.

   B. Defendant violated 15 U.S.C. §1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), by continuing to attempt to collect a debt from N.F.,a minor, despite having been informed that N.F. was in fact a minor and did not owe the alleged subject debt.

21. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiffs respectfully requests that judgment be entered against the Defendant for:

   (a)  Actual damages;

   (b)  Statutory damages for pursuant to 15 U.S.C. § 1692k.

   (c)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

   (d)  For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: October 27, 2020

/s/ Seth J. Andrews __
Seth J. Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: sandrews@kennethhiller.com